IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL BANAKUS, individually and on behalf of all others similarly situated, ) ) ) | |
| ) | Case No. 12-CV-6244 |
| Plaintiff, ) ) | |
| v. ) ) | Judge John Z. Lee |
| UNITED CONTINENTAL HOLDINGS, INC. and UNITED AIR LINES, INC., ) ) ) ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**LOCAL RULE 40.4 MOTION FOR REASSIGNMENT OF RELATED CASE**

Defendants United Air Lines, Inc. ("United") and United Continental Holdings, Inc. (collectively, "Defendants"), by their attorneys, submit this memorandum in support of their Local Rule 40.4 Motion for Reassignment of *Hammarquist, et al. v. United Continental Holdings, Inc. and United Air Lines, Inc.*, Case No. 13-cv-01509, currently pending before Judge Castillo, to this Court.[1]

**INTRODUCTION**

In both the instant case and *Hammarquist*, the plaintiffs challenge changes that United made to its MileagePlus frequent flyer program in 2012. In this case, Plaintiff Daniel Banakus ("Banakus") alleges that he flew sufficient qualifying miles on United flights during 2011 to attain "Premier" status, and that as a result he was contractually entitled to receive certain benefits from United throughout 2012. Banakus contends that when United made changes to its

---

[1] Courtesy copies of the Motion and this Memorandum are also being provided to Judge Castillo.

MileagePlus program in 2012, including changes to the benefits formerly provided to "Premier" members, the Defendants breached that alleged contract.

The claims asserted in *Hammarquist* are almost identical.[2] The plaintiffs in *Hammarquist* allege that they flew sufficient qualifying miles on United flights during 2011 to attain either "Premier Executive" or "Premier 1K" status, and that as a result they were contractually entitled to receive certain benefits from United throughout 2012.[3] They contend that when United made changes to its Mileage Plus program in 2012, including changes to the benefits formerly available to "Premier Executive" and "Premier 1K" members, the Defendants breached those alleged contracts.

In both cases, United will establish that the only contract between United on the one hand, and plaintiffs on the other, was the MileagePlus agreement, which allowed United to change the MileagePlus Program, including the benefits provided to Premier, Premier Executive and Premier Executive 1K members, at any time.

In light of the nearly identical threshold issues in this case and in *Hammarquist*, substantial judicial time will be saved if they are both heard by the same judge. The cases are related under Local Rule 40.4(a) because they (1) involve similar questions of fact and law and (2) grow out of similar transactions or occurrences (*i.e.,* United's 2012 changes to its MileagePlus Program, including changes to the benefits associated with Premier, Premier Executive, and Premier Executive 1K status).

---

[2] A copy of the *Hammarquist* complaint is attached hereto as Exhibit A.

[3] Although the *Hammarquist* plaintiffs allege that, prior to 2012, customers who flew at least 100,000 qualifying miles on United flights in a calendar year became "Premier 1K" members, the actual designation used by United at that time was "Premier Executive 1K." When United made changes to the MileagePlus program following the merger of United and Continental Air Lines, it changed the name of that tier of status from "Premier Executive 1K" to "Premier 1K."

Additionally, all four of the L.R. 40.4(b) Conditions for Reassignment are met because (1) both this case and the *Hammarquist* case are pending in the Northern District of Illinois, Eastern Division; (2) the handling of both cases by the same judge is likely to result in a substantial savings of judicial time and effort; (3) this case, in which the Court established a discovery schedule less than 14 days ago, has not progressed to a point where designating the Hammarquist case as related will delay the proceedings in either case; and (4) the cases are susceptible of disposition in a single proceeding. Defendants therefore request that the Court enter an order reassigning the Hammarquist case to Judge Lee.

## BACKGROUND

I. **The Instant Case**

    A. **Procedural Posture**

This case was filed on August 8, 2012. (Docket No. 1.) Plaintiff Banakus simultaneously filed a Motion for Class Certification, which has not been briefed, and the parties have filed a stipulation that would obviate the need to address the class certification motion at this time. (Docket No. 20.) On March 1, 2013, this Court denied Defendants' Motion to Dismiss the Class Action Complaint. (Docket No 37.)

On March 14, 2013, the Court entered an order "limit[ing] discovery for the time being to issues related to the merits of plaintiff's claim [and directing] [t]he parties … to exchange Rule 26(a)(1) disclosures as to all issues by 4/5/13." (Docket No. 41.) The Court further ordered the parties to serve initial written discovery requests, limited to the merits of plaintiff's claim, by 4/15/13, and ordered that fact discovery as to the merits of plaintiff's claim will close on 6/28/13. Defendants filed their answer on March 15, 2013. (*Id.*) Other than the motion for class certification, no motions are currently pending.

B.   **Plaintiff's Allegations**[4]

Banakus has alleged that he is a Premier member of United's MileagePlus frequent flyer program. (Docket No. 1 (Compl.) ¶¶ 27, 28.) Mileage Plus members became "Premier" when they flew 25,000 miles during the same calendar year. (*Id.* ¶ 2.) Banakus flew more than 25,000 miles during 2011, qualifying him for Premier status during the following calendar year, 2012. (*Id.* ¶ 28.)

In March 2012, after United and Continental Airlines merged, United consolidated the frequent flyer programs of both airlines into one single program, known as MileagePlus. (*Id.* ¶ 22.) Under the terms of the MileagePlus Program, Premier members are now known as "Premier Silver Elite" members, and the benefits associated with that status have been reduced. (*Id.* ¶ 23.) For example, complimentary upgrades to Economy Plus seating are available at check-in, rather than at booking, and members are entitled to one free checked bag per flight, rather than two. (*Id.* ¶¶ 24-25.)

Banakus contends that he entered into a binding contract with United when he accepted a unilateral offer from United to become a Premier member by flying 25,000 qualifying miles with United during the 2011 calendar year. (*Id*. ¶¶ 28, 39-40.) Banakus further contends that United breached that contract in 2012 when it reduced the benefits that would be provided to Premier members during that year. (*Id.* ¶¶ 21-26, 43-44.) Banakus seeks to represent a class of "[a]ll persons who reside in the United States and who became Premier Members by flying 25,000 qualifying miles with United in 2011." (*Id.* ¶ 30.) He seeks relief in the form of monetary

---

[4] Solely for purposes of this motion, Defendants set forth, without admitting, the allegations of the complaint in the instant case, and the allegations of the complaint in the *Hammarquist* case. As detailed in the Defendants' Answers filed in this case (Docket No. 41) and in *Hammarquist* (*see* Case No. 13-cv-01509, Docket No. __) Defendants deny most of the plaintiffs' factual allegations.

damages for the value of the alleged contractual benefits that he and the putative class members failed to receive. (*Id.* ¶ 45 and Request for Relief).

      C.    **Defendants' Anticipated Motion for Summary Judgment**

The principal issue in this case is whether, as Banakus claims, United entered into a contract with Banakus and other Premier members that is not subject to the terms and conditions of the MileagePlus Program, or whether, as United claims, the only contract between United on the one hand and Banakus and the other Premier members on the other was the MileagePlus agreement, which allowed United to change the MileagePlus Program, including the benefits provided to Premier members, at any time. Following the completion of discovery relating to the merits of Banakus's claims, United will move for summary judgment on that central issue.

II.    **The *Hammarquist* Case**

      A.    **Procedural Posture**

The complaint and motion for class certification in the *Hammarquist* case were filed on February 27, 2013 and assigned to Judge Castillo. Defendants were served with the complaint on March 4, 2013 and filed their answer on March 25, 2013. Other than the preliminary motion for class certification filed with the complaint, no motions are pending in the Hammarquist case, and Judge Castillo has not yet scheduled or conducted a status conference or case management conference. Judge Castillo has made no rulings – substantive or otherwise – in the Hammarquist case.

      B.    **The Hammarquist Plaintiffs' Allegations**

Similar to Banakus, the *Hammarquist* plaintiffs allege that they are Premier Executive or Premier 1K members of United's MileagePlus frequent flyer program. (Ex. A, Hammarquist Compl., ¶ 1.) Mileage Plus members became "Premier Executive" members by flying 50,000 qualifying miles on United flights during a calendar year, and became "Premier 1K" members by

flying 100,000 qualifying miles on United flights during a calendar year. (*Id.* ¶¶ 2-3.) Two of the *Hammarquist* plaintiffs flew more than 50,000 miles during 2011, qualifying them for Premier Executive status during the following calendar year, 2012 (*id.* ¶¶ 26-27); the other two *Hammarquist* plaintiffs flew more than 100,000 miles during 2011, qualifying them for Premier 1K status during the following calendar year, 2012 (*id.* ¶¶ 28-29).

During 2011, Premier Executive and Premier 1K members received certain benefits, including double mileage bonuses, priority for upgrades over lower level members and **72** hour advance upgrade confirmation. (*Id.* ¶ 17.) In March 2012, after United and Continental Airlines merged, United consolidated the frequent flyer programs of both airlines into a single program, known as MileagePlus. (*Id.* ¶ 23.) Under the terms of the post-merger MileagePlus Program, Premier Executive members are now known as either Premier Gold or Premier Platinum members, and their benefits, as well as those accorded to Premier 1K members, have been "reduced and devalued." (*Id.* ¶ 4.) For example, individuals who were formerly Premier Executive members had their double mileage bonus reduced to either a 50% mileage bonus (for Premier Gold members) or a 75% mileage bonus (for Premier Platinum members), and Premier 1K members no longer receive priority upgrades over lower levels customers who want to purchase or use miles to upgrade. (*Id.* ¶ 24.)

Like Banakus, the *Hammarquist* plaintiffs contend that they entered into binding contracts with United when they accepted a unilateral offer from United to become Premier Executive or Premier 1K members by flying 50,000 or 100,000 miles, respectively, during the 2011 calendar year. (*Id*. ¶¶ 39-41, 45-47.) They further contend, like Banakus, that United breached those contracts following the merger when it reduced the benefits that it would provide to Premier Executive and Premier 1K members during 2012. (*Id.* ¶¶ 24-29, 42, 48.)

The *Hammarquist* plaintiffs seek to represent two classes: one a class of "[a]ll persons who reside in the United States who became Premier Executive members by flying 50,000-99,999 qualifying miles with United in 2011" (*id.* ¶ 30) and the other a class of "[a]ll persons who reside in the United States who became Premier 1K members by flying at least 100,000 qualifying miles with United in 2011" (*id.* ¶ 31). Like Banakus, they seek relief in the form of monetary damages. (*Id.* ¶¶ 43, 49 and Request for Relief.)

### C. Defendants' Anticipated Motion for Summary Judgment

Just as in the instant case, the principal issue in *Hammarquist* is whether, as the *Hammarquist* plaintiffs claim, United entered into a contract with them and other Premier Executive and Premier Executive 1K members that is not subject to the terms and conditions of the MileagePlus Program, or whether, as United claims, the only contract between United on the one hand, and the *Hammarquist* plaintiffs and other Premier Executive and Premier Executive 1K members on the other, was the MileagePlus agreement, which allowed United to change the MileagePlus Program, including the benefits provided to Premier Executive and Premier Executive 1K members, at any time. In light of this Court's ruling on the Defendants' Motion to Dismiss the instant complaint, Defendants have not filed a motion to dismiss in the *Hammarquist* case. However, following the completion of discovery relating to the merits of the *Hammarquist* plaintiffs' claims, United will move for summary judgment on this central issue

### ARGUMENT

### I. The Instant Case and the *Hammarquist* Case Are Related Under Local Rule 40.4(a).

This Court's Local Rule 40.4 provides for the filing of a "motion for reassignment" in order to place related cases before one judge. *Taylor-Holmes v. Office of Cook County Public Guardian*, 503 F.3d 607, 609 (7th Cir. 2007). Local Rule 40.4(a) provides that:

> Two or more civil cases may be related if one or more of the following conditions are met:
>
> (1) the cases involve the same property;
>
> (2) the cases involve some of the same issues of fact or law;
>
> (3) the cases grow out of the same transaction or occurrence; or
>
> (4) in class action suits, one or more of the classes involved in the cases is or are the same.

L.R. 40.4(a).

Rule 40.4(a)(2) "does not require exact congruence in facts and issues between two cases in order for them to be related; rather, it simply requires that the two cases share '*some of the same* issues of facts or law.'" *Helferich Patent Licensing, L.L.C. v. New York Times Co.*, No. 1:10–cv–04387, 2012 WL 1368193 at * 2 (N.D.Ill. April 19, 2012) (quoting L.R. 40.4(a), emphasis in original). The instant case and the *Hammarquist* case plainly involve some of the same issues of fact or law. In particular, both cases will require the Court hearing them to decide the threshold issue of whether the terms and conditions of the MileagePlus agreement, which allows United to change the benefits provided under the MileagePlus Program at any time, apply to members who have qualified for one of the Premier status levels. Because the threshold legal issue is the same in both cases, it is immaterial that plaintiff Banakus was a Premier member while the *Hammarquist* plaintiffs were Premier Executive and Premier Executive 1K members. It is likewise immaterial that United will have unique defenses to the claims of each of the named plaintiffs. For purposes of Local Rule 40.4(a), minor nuances in the legal issues involved in two cases should not prevent the reassignment of a related case. *BP Corp. North America Inc. v. Northern Trust Investments, N.A.*, No. 08–cv–6029, 2009 WL 1684531 *1 (N.D. Ill. June 15, 2009).

Where Local Rule 40.4(a)(2) is satisfied, it is not necessary to establish that any of the other conditions of Rule 40.4(a) are met. *Global Patent Holdings, LLC v. Green Bay Packers, Inc.,* No. 00 C 4623, 2008 WL 1848142, at * 3 (N.D.Ill. Apr.23, 2008). Nevertheless, these cases are also related because they "grow out of the same transaction or occurrence." L.R. 40.4(a)(3). Both the instant case and *Hammarquist* arise out of United's 2012 changes to its MileagePlus program, including the changes in benefits provided to former Premier, Premier Executive, and Premier Executive 1K members. Because both cases involve the MileagePlus agreement, they are related under L.R. 40.4(a)(3). *See DBD Franchising, Inc. v. DeLaurentis*, No. 09 C 669, 2009 WL 1766751 at *5 (N.D. Ill. June 23, 2009) (cases that involved breach of contract claims under same asset purchase agreement were related under L.R. 40.4(a)(3)).

## II.     All of the L.R. 40(b) Conditions For Reassignment Are Satisfied.

Additionally, Local Rule 40.4(b) requires that each of the following conditions be met:

> (1) both cases are pending in this Court;
>
> (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;
>
> (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
>
> (4) the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b). The instant case and the *Hammarquist* case satisfy each of those conditions.

First, both cases are pending in the Northern District of Illinois, Eastern Division, thereby satisfying Local Rule 40.4(b)(1). Second, Local Rule 40.4(b)(2) is satisfied because substantial judicial time and effort will be saved if the same judge manages the discovery process in both cases and decides the threshold issue common to both cases (*i.e.*, whether the MileagePlus agreement allowed United to change the benefits provided to members who had obtained one of

the Premier status levels at any time). Additionally, reassigning these two cases to the same judge would avoid potentially inconsistent or conflicting rulings with regard to the interpretation of the MileagePlus agreement. *See Helferich Patent Licensing, L.L.C.* 2012 WL 1368193 at * 3 (reassignment would avoid inconsistent or conflicting interpretations of patents).

Reassignment would also promote judicial efficiency because discovery in the two cases is likely to overlap. In particular, both cases will involve discovery relating to the MileagePlus agreement, United's communications with MileagePlus members concerning the Premier part of the MileagePlus program, and the changes that United made to the MileagePlus program in 2012. *See Pochert v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 11 C 2440, 2011 WL 4007731 at *2 (N.D. Ill. Sept. 9, 2011) ("[w]here common legal issues must be resolved and discovery is likely to overlap, substantial savings in judicial time and effort will be gained and wasteful duplication will be avoided by having one judge handle both cases.").

Additionally, Local Rule 40.4(b)(3) is satisfied because this case has not progressed to the point where designating the later-filed *Hammarquist* case as related will delay the proceedings in this case. The Court issued a scheduling order in this case less than two weeks ago, and discovery is just now commencing. In the *Hammarquist* case, Defendants' answer has just been filed, and there is no reason why discovery regarding the merits of the *Hammarquist* named plaintiffs' claims cannot proceed along approximately the same schedule that the Court has just established in this case. Reassignment is particularly appropriate where, as here, "'no discovery has been conducted and little judicial effort has been expended thus far.'" *DBD Franchising,* 2009 WL 1766751 at *5 (quoting *Global Patent Holdings, LLC*, 2008 WL 1848142, at *4). *See also, Pochert*, 2011 WL 4007731 at *3 (finding "no danger of substantial

delay" where the cases were filed around the same time and both were at the early stages of litigation).

Finally, because the two cases may be disposed of in a single proceeding, Local Rule 40.4(b)(4) is satisfied. Both the instant case and *Hammarquist* require the Court to interpret a single contract – the MileagePlus agreement – and determine whether United was permitted to make changes to the benefits available to members of its MileagePlus program who had attained one of the Premier status levels. If the Court agrees with Defendants' position regarding this issue, then Defendants will be entitled to judgment in both cases. Thus, it is clear that the cases are susceptible of disposition in a single proceeding. *See BP Corp. North America Inc.* 2009 WL 1684531 *3 (two cases that required the court to determine, among other things, the legality of a single investment strategy were susceptible to disposition in a single proceeding); *DBD Franchising, Inc.* 2009 WL 1766751 at *5 (cases were susceptible to disposition in a single proceeding because both involved essentially the same parties, similar factual issues, and the same agreement); *Murry v. America's Mortgage Banc, Inc.*, No. 03 C 5811, 2004 WL 407010 at *3 (N.D. Ill. March 1, 2004) (two cases could be disposed of in a single proceeding because a resolution of the disputes in the two cases necessarily required a determination of the legality of the same defendants' actions under the same statutes and regulations).

## CONCLUSION

For all of the foregoing reasons, Defendants request that the Court enter an order pursuant to Local Rule 40.4 reassigning the *Hammarquist* case to Judge Lee.


Dated: March ___, 2013          Respectfully submitted,

                                 /s/ Paula M. Ketcham
                                Patricia Brown Holmes
                                E-mail: pholmes@schiffhardin.com

>Sondra A. Hemeryck
>E-mail: shemeryck@schiffhardin.com
>Paula M. Ketcham
>E-mail: pketcham@schiffhardin.com
>SCHIFF HARDIN LLP
>233 South Wacker Drive, Suite 6600
>Chicago, Illinois 60606
>Telephone: (312) 258-5500
>Facsimile: (312) 258-5600
>
>Attorneys for Defendants United Continental
>Holdings, Inc. and United Air Lines, Inc.

**Certificate Of Service**

I hereby certify that on March 28, 2013, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Additionally, a copy of the foregoing Notice of Motion was served via electronic mail and U.S. Mail upon the following counsel of record in the case, *Hammarquist, et al. v. United Continental Holdings, Inc. and United Air Lines, Inc.*, Case No. 13-cv-01509, also pending in this Court:

> Myron M. Cherry
> Jacie C. Zolna
> Myron M. Cherry & Associates, LLC,
> 30 N LaSalle St., Suite 2300
> Chicago, Illinois, 60602

    /s/ Paula M. Ketcham
Attorney for Defendants United Continental
Holdings, Inc. and United Air Lines, Inc.